A contract of employment made by the appellant corporation provided that a husband and wife, plaintiff’s assignors, were employed “ as assistants to the executives ” of the corporation and that “both” husband and wife “will work exclusively” for the corporation and “ draw together ” a stipulated salary. The agreement was signed by the husband, but not by the wife. In an assignee’s aetion for breach of contract, summary judgment has been granted on the first and second causes of aetion based on the breach; and an assessment of damages directed. The affidavit interposed by the defendant corporation in opposition to the motion states that the agreement was signed only by the husband and nothing was added to show that the wife was bound by the agreement and that it was a mere offer “ as long as it was not accepted in full by both assignors ”. On this phase of the ease the husband’s affidavit states the mere conclusion that “ I, in behalf of myself and my wife, accepted by signing and delivering ” the writing. The husband states no fact upon which his authority to sign the contract for the wife may be found, and no affidavit of authority or ratification is submitted by the wife, nor does she verify the pleading since not she, but the assignee is, the plaintiff. The only part she is shown to play in the action is that the assignee alleges in the complaint that he became owner of the cause by the assignment of the husband and wife. No tender of performance of this joint contract of employment is shown to have been made by the wife as an essential party to it. In this situation there is a triable issue as to whether the contract was complete and mutually binding between the defendant and the wife as well as the husband. Order modified on the facts and on the law to delete the direction for judgment and an assessment of damages on the first and second causes of aetion and to deny the motion in these respects, and otherwise affirmed, without costs. Settle order.
Concur •—Botein, P. J., Rabin, Yalente, Stevens and Bergan, JJ.